DECISION
Plaintiff appealed from Defendant's Notices of Deficiency Assessment for tax years 2006, 2007, and 2008. Those assessments followed Notices of Deficiency disallowing two of Plaintiff s dependent exemptions and changing his filing status from head of household to single.
A case management conference was held on August 18, 2010. The case management conference was followed by a Journal Entry filed on August 26, 2010.
The court cannot consider the merits of the appeal for 2008 because it was filed late. For that year, Defendant's Notice of Deficiency Assessment was mailed January 20, 2010. Plaintiff acknowledged that he postmarked the Complaint to the court May 13, 2010, which is more than 90 days after the date Defendant's Notices of Deficiency became final. See
ORS 305.280(2);[1] McDowell v. Dept. of Rev., TC-MD No 050812C at 2 (Nov 28, 2005) (citing ORS 305.280(2) (2003) and holding that taxpayer's appeal filed three days after the statutory deadline must be dismissed).
The remaining discussion relates to tax years 2006 and 2007. Plaintiff states he sent money to family members living in Mexico. Plaintiff states that he was supporting his relatives who reside in that country. Plaintiff does not know what the family's total living expenses were *Page 2 
in Mexico for either of the remaining tax years at issue. Some copies of receipts were provided; however, they were not dated for either of the tax years at issue.
Based on its review of the information, Defendant requests the Notices of Deficiency Assessment be upheld. (Def's Status Report, Nov 10, 2010).
ORS 316.695(1)(c)(E) (2005) provides that the term "`head of household' ha[s] the meaning given th[at] term[] in section 2 of the Internal Revenue Code." Internal Revenue Code (IRC) section 2, in turn, defines "head of household" to include an unmarried individual who, for more than one-half of the taxable year, "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of his otherwise qualifying unmarried children and "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 [of the IRC.]" IRC § 2(b)(1)(A) (2005). A taxpayer can also qualify for head of household filing status if he "maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer * * *." IRC § 2(b)(1)(B) (2005).
Furthermore, the code provides that for the purposes of IRC section 2(b)(1) (2005) a taxpayer "shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual."
Plaintiff's family in Mexico generally meets the relationship requirement for a dependent set forth in Internal Revenue Code section 152(a)(2) and section 152(d)(2)(A) (defining a dependent to include "a descendant of a child.") (2005). However, Plaintiff is unable to prove that he was the primary source of financial support for the household in the two tax years at issue. Plaintiff has no documentary proof of the living expenses of the family living in Mexico or *Page 3 
appropriately dated receipts. Accordingly, there is no way of knowing whether Plaintiff provided over one-half of the family's financial support for the year.
Based on the above, the court concludes that Plaintiffs appeal regarding the 2008 tax year should be denied because Plaintiff failed to file within the time allowed by statute. The court further concludes that Plaintiffs appeal regarding tax years 2006 and 2007 should be denied because Plaintiff does not qualify for the disputed exemptions or head of household filing status for tax years 2006 and 2007. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is dismissed for tax year 2008; and
IT IS FURTHER DECIDED that the appeal is denied for tax years 2006 and 2007.
Dated this ___ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1